UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMIE LUEVANO,

                Petitioner,

      -against-                         23-CV-7922 (LTS)

UNITED NATIONS DIRECTOR ANTONIO      TRANSFER ORDER
GUTERRES, et al.,

                Respondents.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is presently in the custody of the Texas Department of Criminal Justice in the Alfred D. Hughes Unit in Gatesville, Texas, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241. Petitioner's handwriting is difficult to read, but it appears that he seeks to challenge the validity of his custody. For the following reasons, this petition is transferred to the United States District Court for the Western District of Texas.

      In order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained in the Alfred D. Hughes Unit in Gatesville, Coryell County, Texas, which is located in the judicial district of the Western District of Texas. *See* 28 U.S.C. § 124(d). Therefore, in the interest of justice, this Court transfers this petition to the Western District of Texas. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Texas. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this action in this court.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 12, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge